**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Patricia Diana Mendez, Joseph Valle, Catherine McCarthy, Brian K. Turner, And Randy Sadler individually and on behalf of all persons similarly situated as members of the Collective as permitted under the Fair Labor Standards Act, | Case No. 1:24-cv-10867 |
| **Plaintiffs,** | |
| **v.** | **Judge:** Thomas M. Durkin |
| Ada S. McKinley Community Service Inc., And Nestor I. Flores, Jamal K. Malone, Valerie Mercer, Johnathan Johnson, as individuals under FLSA and Illinois Wage Laws, | **Magistrate:** Judge Maria Valdez |
| **Defendants.** | |

<u>**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, *instanter***</u>

NOW COME the Plaintiffs by their undersigned attorney, hereby respectfully brings this Unopposed Motion to this Court for leave to file a Second Amended Complaint, *Instanter*, in support Plaintiffs' state as follows:

1. On 10/22/24 this FLSA/IMWL/IWCPA/CMWO case was filed. (See Complaint Docket Document # 1).

2. On 12/6/24 Plaintiffs filed a First Amended Complaint adding a single Plaintiff, (Plaintiff Sadler), some additional facts related to the wage retaliation claims and the claim of exemption via payment on a "fee basis". (See Dkt. #7).

3. Plaintiffs' claims include that Plaintiffs were misclassified as "Exempt" employees, in that they were not paid overtime when Defendants should have been paid time-and-a-half. (Id).

4. On 2/4/25 Defendants filed an Answer to the First Amended Complaint. (See Dkt. #14).

5. The parties have engaged in some written discovery, but no depositions have occurred.

6. In late 2025 and early 2026 the parties engaged in protracted settlement discussions including Defendants hiring a mediator and holding a formal settlement "conference" on 2/17/26.

7. After the conference some additional 408 discussions occurred, but in late May of 2026 the parties settlement efforts ended and the case had not been settled.

8. During the period from the filing of the First Amended Complaint to today, Plaintiffs and Plaintiffs' counsel have been engaged in review and analysis of the documents, facts and various claims by all parties.

9. During that time an alternative theory to prove that Plaintiffs were misclassified has been researched and found to apply to the claims in this case.

10. This alternative theory of misclassification is founded on the fact that Defendants paid Plaintiffs, at least in part, on an hourly basis.

11. If *any element* of the Plaintiffs pay is paid on an hourly basis, the claim of exemption is lost. In this case the Plaintiffs, if paid on a fee basis, were also paid on an hourly basis. These hourly rates are shown on the Plaintiffs "time sheets".

12. This basis for lost exemption is supported by *Elwell v. University Hospitals Home Care Services,* 276 F. 3d 832 - Court of Appeals, 6th Circuit 2002. *Elwell* reads in part:

2

**She contends, however, that University's compensation plan, which combines fee payments and hourly compensation, does not qualify as a fee basis because it ties compensation, at least in part, to "the number of hours or days worked and not on the accomplishment of a given single task." 29 C.F.R. § 541.313(b).**

**We agree. The definition of "fee basis" in 29 C.F.R. § 541.313(b) states that such arrangements are characterized by payment for a completed task "*regardless* of the time required for its completion." (emphasis added). This language suggests that a compensation plan will not be considered a fee basis arrangement if it contains any component that ties compensation to the number of hours worked. This is contrasted with the salary basis regulation, which explicitly provides that "additional compensation besides the salary is not inconsistent with the salary basis of payment."[2] 29 C.F.R. § 541.118(b**

13. While some caselaw says that specific pleadings of every theory is not required,

"….their complaint does not include "any possible FLSA claim under the sun,"

*see Blakes v. Ill. Bell Tel. Co.,* No. 11 CV 336, 2011 WL 2446598, at *8 (N.D. Ill. June 15, 2011);

13 a. Plaintiffs would prefer to avoid claims of lack of notice and lack of specifics of the claim. Accordingly Plaintiffs ask this court to allow for Leave for Plaintiffs to file a Second Amended Complaint. (See Proposed Second Amended Complaint attached to this Motion as Motion Exhibit 1.)

14. Further in accord with this court's standing order, Plaintiffs also provide a "red-lined" draft of the proposed Second Amended Complaint. (See Red-lined Proposed Second Amended Complaint; attached as Motion Exhibit 2)

15. Further Plaintiff provides a copy of the First Amended Complaint, for ready reference of the court. (See First Amended Complaint attached as Exhibit 3).

16. In addition to the alternative theory of misclassification described above, Plaintiffs also seek to amend for the following:

    a. Pleading of a single added count for Plaintiff Mendez against Defendant McKinley based on The Internal Revenue Code, Section 7434, 26 U.S. §7434.

    b. Adding further retaliation allegations for Plaintiff McCarthy.

    c. Adding an alternative theory of misclassification based on the failure to pay sufficient wages.

**STANDING ORDERS COMPLIANCE**

17. Plaintiffs' Counsel has complied with Judge Durkin's standing orders regarding Motions, which require:

**Before filing a motion, the movant's counsel must ask opposing counsel whether there is an objection to the motion. If there is an objection, movant must note that fact in the body of the motion. Joint, uncontested, and agreed motions should be so identified in both the title and the body of the motion**

18. Here Plaintiffs counsel asked Defendants about this Motion and Defendants response was

**Our client reserves all of their rights and defenses, but we do not oppose you filing the amended complaint.**

19. Thus this Motion is Unopposed, and is so titled.

WHEREFORE Plaintiffs ask this court for the following relief:

1. An Order giving leave for Plaintiff to file a Second Amended Complaint, *Instanter*.

2. Other relief that is just and right.

4

DATED June 9, 2026

Respectfully submitted,

By: /s/ John Ireland
     *Attorney For The Plaintiffs*

John Ireland
attorneyireland@gmail.com
The Law Office of John C. Ireland
636 Spruce St
South Elgin, IL 60177
(630) 464-9675

5